UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TABATHA L. SOPKO,

                               Plaintiff,

                                                             **DECISION AND ORDER**
                v.                                                            10-CV-158A

RIDGE VIEW MANOR,

                               Defendant.

## INTRODUCTION

On May 11, 2010, defendant Ridge View Manor filed a motion to dismiss plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP"). Defendant's sole argument for dismissal is that, based on the information that plaintiff filled out in her form complaint while she was *pro se*, her complaint was filed four days after the 90-day deadline for commencing a lawsuit after receipt of a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Since filing her complaint, plaintiff has retained counsel, who has asserted that the date of receipt listed in the form complaint is erroneous, and that plaintiff did file within the 90-day limitations period. The Court held oral argument on June 22, 2010. For the reasons below, the Court will deny defendant's motion.

## BACKGROUND

This case concerns allegations of unwelcome sexual advances on the job and adverse consequences imposed for rejecting those advances and complaining about them. Plaintiff started working for defendant, a nursing home, on July 25, 2006 as a Certified Nursing Assistant. According to the complaint and the papers attached to it, plaintiff began receiving unwelcome sexual advances from a coworker shortly after she began her job. Plaintiff complained on numerous occasions to more than one supervisor, but defendant failed to take sufficient action to end the harassment. On or about October 28, 2006, plaintiff gave defendant a two-week resignation notice and indicated that she was leaving her employment because of the continuing harassment. Two days after plaintiff tendered her resignation, defendant fired her.

In response to her termination, plaintiff filed a complaint with the EEOC. In a determination letter dated June 19, 2009, the EEOC stated that the evidence that it obtained during its investigation established a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17. The EEOC stated specifically that "Respondent failed to follow its own harassment policy by not taking appropriate and prompt action regarding [plaintiff's] numerous complaints which resulted in [her] demotion to part-time status, constructive discharge, and employment termination." (Dkt. No. 1 at 14.) The EEOC attempted unsuccessfully to obtain a settlement with defendant. Ultimately, the

EEOC issued a right-to-sue letter (Dkt. No. 1 at 7) informing plaintiff that it would not bring suit against defendant for her. The right-to-sue letter lists November 27, 2009 as the date on which it was mailed.

Plaintiff, *pro se* at the time, filed her complaint in this case on March 1, 2010. Plaintiff used the form complaint available from the Clerk's Office for discrimination litigation. In the form complaint, plaintiff indicated that she was alleging violations of multiple statutes for multiple types of improper conduct. Central to the pending motion, plaintiff filled out Item Number 12 in the form complaint by saying that she received her right-to-sue letter on November 27, 2009, the same day on which that letter was mailed.

In support of its motion to dismiss, defendant emphasizes that discrimination lawsuits must be commenced within 90 days of receipt of a right-to-sue letter. Defendant then notes that the time between November 27, 2009, when plaintiff stated in her form complaint that she received the right-to-sue letter, and March 1, 2010, when she filed the complaint, is 94 days. Consequently, defendant argues, the complaint is untimely and must be dismissed. In opposition to the motion, plaintiff, now represented by counsel, argues that she mistakenly confused the date of mailing with the date of receipt when she filled out the form complaint on her own. Because the EEOC itself certified that it mailed the right-to-sue letter on November 27, 2009, plaintiff asserts that she could not possibly have received the letter that day. Plaintiff

3

asserts that she was entitled to an additional three days for service of the letter by mail, and that she was entitled to one additional day at the end of the limitations period because the 90th day would have fallen on a Sunday.

At oral argument, defendant conceded that, upon reviewing plaintiff's opposition papers, it has no reason to believe that plaintiff received the right-to-sue letter on the same day when the EEOC mailed it.

## DISCUSSION

Civil actions alleging Title VII violations must commence within 90 days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *see also* 29 C.F.R. § 1614.407(a) (same); *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996) ("In order to be timely, a claim under Title VII . . . must be filed within 90 days of the claimant's receipt of a right-to-sue letter.") (citations omitted). Here, the EEOC mailed its right-to-sue letter on November 27, 2009 to plaintiff at her home address. "Normally it is assumed that a mailed document is received three days after its mailing. And normally it may be assumed, in the absence of challenge, that a notice provided by a government agency has been mailed on the date shown on the notice." *Sherlock*, 84 F.3d at 525–26 (citations omitted). Plaintiff thus is presumed to have received the right-to-sue letter on November 30, 2009. The 90th day after November 30, 2009—excluding November 30 itself—was February 28, 2010. That day was a Sunday, which meant that plaintiff had until the next business day to file her complaint. *See*

4

FRCP 6(a)(1)(C) ("When the period is stated in days or a longer unit of time . . . include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."). The next business day was Monday, March 1, 2010, which was when plaintiff filed her complaint. As a result, plaintiff's complaint was timely. Since defendant made no argument for dismissal other than timeliness, the motion fails.

## CONCLUSION

For all of the foregoing reasons, the Court denies defendant's motion. Defendant shall answer the complaint within 20 days of entry of this Order.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: June 22, 2010